# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| RAJ KATARIA, HEENA BHANUSHALI, and FIVE STAR CIGAR CORPORATION, | : | Civil Action |
|  | : |  |
| Plaintiffs, | : | No. |
|  | : |  |
| v. | : |  |
|  | : |  |
| SYED BOKHARI, SHALINDER NICHANI, AMIR WAQAR AHMED, MOHAMMAD ILLAHI, and NORTHEASTERN WHOLESALE ENTERPRISES, LLC, | : | JURY TRIAL DEMANDED |
|  | : |  |
| Defendants, and, | : |  |
|  | : |  |
| FIVE STAR CIGAR CORPORATION, | : |  |
|  | : |  |
| Nominal Defendant. | : |  |

## AFFIDAVIT OF RAJ KATARIA

I, Raj Kataria, being of full age and sound mind, hereby attest as follows:

1. I am a Plaintiff in the above-captioned case and a 20% shareholder in Five Star Cigar Corporation ("Five Star").

2. From the time of its incorporation in or around July 2024 through January 17, 2025, I was the President of Five Star.

3. My term as President of Five Star ended on January 17, 2025 when the other shareholders, Defendants Syed Bokhari ("Syed"), Shalinder Nichani ("Shelly"), Amir Waqar Ahmed ("Amir"), and Mohammad Illahi ("Mohammad"), voted to remove me as President without cause.

4. During my tenure as President of Five Star, Defendants Syed and Shelly prevented me from accessing the corporate books, records, and accounts.

5.      Defendants Syed and Shelly are the owners and controlling shareholders of Defendant Northeastern, although they incorporated Northeastern under the names of their family members instead of in their own names.

6.      Defendants Syed and Shelly induced me and Heena to invest in Five Star by giving money directly to Northeastern and Syed on the basis of a misrepresentation that the invested funds would be used solely for the benefit of Five Star.

7.      Defendants Syed and Shelly have engaged in self-dealing between Five Star and themselves, individually, as well as through Northeastern.

8.      I am aware that Defendants Syed and Shelly have transferred merchandise from Five Star to Northeastern without providing fair consideration to Five Star and without creating a reliable record of the transactions.

9.      I am also aware that Defendants Syed and Shelly, when obtaining inventory for Five Star, have made the purchases in the name of Northeastern so that Northeastern can receive the discounts, rebates, and limited-edition merchandise that cigar manufacturers make available to wholesale purchasers, all of which would have gone to Five Star but for Defendants' funneling the transactions through Northeastern.

10.      I am aware that Defendant Syed has written four checks from Five Star to Northeastern totaling $1,006,000 but I have not received an accounting or explanation of these transfers. More specifically, on August 24, 2024, a check was written from Five Star to Northeastern for $225,000; on October 25, 2024, a check was written from Five Star to Northeastern for $386,000; on October 29, 2024 a check was written from Five Star to Northeastern for $185,000; and on November 6, 2024 a check was written from Five Star to Northeastern for $210,000.

11.      I have not received any distributions, dividends, or salary from Five Star.

12.      Defendants Syed and Shelly have sent certain Northeastern employees to work at the Five Star warehouse in order to control the flow of merchandise in and out of Five Star, and to manipulate the invoices, receipts, and ledgers for their individual benefit and for the benefit of Northeastern.

13.      Defendants' control over the Five Star warehouse, operations, and books and records, enables them to dissipate the assets wrongfully taken from Five Star, Plaintiff Heena Bhanushali, and me, and to alter and destroy the evidence necessary to calculate the damages they have caused.

14.      The factual averments set forth in the Complaint

15. I certify that the foregoing statements are true to the best of my knowledge, information, and belief. I understand that if any of the foregoing statements are willfully false that I will be subject to penalties.

Attested By:

_____

Raj Kataria

Sworn to and subscribed before me

This 4th day of March, 2025

_____

Notary Public

Commonwealth of Pennsylvania - Notary Seal
PAMELA S MEYERSON - Notary Public
Philadelphia County
My Commission Expires April 4, 2028
Commission Number 1268726