Jack Meyerson, Esq. (No. 16405)
Matthew Miller, Esq. (No. 309791)
MEYERSON & MILLER
1600 Market Street, Suite 1305
Philadelphia, PA 19103
(215) 972-1376
jmeyerson@meyersonlawfirm.com
mmiller@meyersonlawfirm.com

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAJ KATARIA, HEENA BHANUSHALI, and FIVE STAR CIGAR CORPORATION, | : : : | Civil Action |
| Plaintiffs, | : : | No. 2:25-cv-01137 |
| v. | : : | |
| SYED BOKHARI, SHALINDER NICHANI, AMIR WAQAR AHMED, MOHAMMAD ILLAHI, and NORTHEASTERN WHOLESALE ENTERPRISES, LLC, | : : : : : | JURY TRIAL DEMANDED |
| Defendants, and, | : : | |
| FIVE STAR CIGAR CORPORATION, | : : | |
| Nominal Defendant. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

**I.    INTRODUCTION**

This action involves direct and derivative claims that arise from a fraudulent scheme perpetrated by Defendants Syed Imran Bokhari ("Syed") and Shalinder Nichani ("Shelly"), along with their co-conspirators, Defendants Amir Waqar Ahmed ("Amir") and Mohammad Illahi ("Mohammad"), whereby they induced Plaintiffs Raj Kataria ("Raj") and Heena Bhanushali ("Heena") (collectively "Individual Plaintiffs") to invest over $600,000 toward the creation of a

1

new corporation, Plaintiff Five Star, that Defendants Syed and Shelly utilized, among other things, to obtain free or discounted inventory for their separately owned business, Defendant Northeastern, and to avoid paying taxes to the State of Connecticut. In moving for preliminary injunctive relief, Plaintiffs intend to preserve the status quo and prevent the dissipation of assets and evidence by requiring Defendants to hold in constructive trust for Plaintiffs the $300,000 that Plaintiffs gave directly to Northeastern and Syed in reliance on the misrepresentation that these funds would be used for the benefit of Five Star, as well as the $1,006,000 that Defendants transferred from Five Star to Northeastern without consideration. For the reasons set forth below, Plaintiffs' Motion should be granted.[1]

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs incorporate and rely on the factual averments set forth in numbered paragraphs in the accompanying Motion for Preliminary Injunctive Relief

## III.   LEGAL ARGUMENT

### a.   Standard for Obtaining Preliminary Injunctive Relief

In order to prevail on a motion for preliminary injunctive relief, the moving party must show (1) a reasonable likelihood of success on the merits of the claim and (2) that he or she is likely to suffer irreparable harm without injunctive relief. *See* Jrna, Inc. v. Snow, 2007 U.S. Dist. LEXIS 56585 at *7 (E.D.Pa. 2007). Where relevant, a court must also consider (3) whether injunctive relief is in the public interest and (4) whether granting the injunction will result in greater harm to the non-moving party. Id., *citing* Allstate Ins. Co. v. Davidson Medical Group,

---

[1] The amount sought to be frozen and preserved through this preliminary injunction should not be considered the full measure of Plaintiffs' damages or Defendants' unjust enrichment. Instead, the $300,000 given by Plaintiffs to Northeastern and Syed and the $1,006,000 transferred from Five Star to Northeastern constitute a readily ascertainable pool of wrongfully obtained funds that should be available to satisfy Plaintiffs' claims.

2

2004 U.S. Dist. LEXIS 20987 at *7 (E.D.Pa. 2004). Where, as here, the moving party seeks to freeze assets of the non-moving party, in this case Northeastern, he or she is also required to show (1) the assertion of a cognizable equitable claim, (2) a sufficient nexus between that equitable claim and specific assets of the defendant which are the target of the injunctive relief, and (3) that the requested interim relief is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed. *See* Sympony FS, Ltd. v. Thompson, 2018 U.S. Dist. LEXIS 214641 at *17-18 (E.D.Pa. 2018). For the reasons that follow, Plaintiffs' claims and request for injunctive relief meet all of the required elements.

      **b.**    **Plaintiffs Have Asserted Cognizable Equitable Claims Sufficient to Sustain a Preliminary Injunction and Asset Freeze**

As a threshold matter, Plaintiffs' Complaint asserts equitable claims sufficient to justify the entry of a preliminary injunction and asset freeze. Most notably, Plaintiffs have stated a qualifying equitable claim for unjust enrichment and seek to impose a constructive trust on the funds, merchandise, and other benefits that Defendants unjustly acquired through Northeastern as a result of their fraudulent scheme. A constructive trust is an equitable remedy that arises when a person holding title to property has acquired it under circumstances giving rise to an equitable duty to convey it to another. Nagle v. Nagle, 799 A.2d 812, 819 (Pa. Super. 2002) *citing* DeMarchis v. D'Amico, 637 A.2d 1029 1036 (Pa. Super. 1994). It is undisputable that unjust enrichment is an equitable claim that can give rise to a constructive trust and preliminary injunctive relief. *See* Jrna, Inc., 2007 U.S. Dist. LEXIS at *8 ("Plaintiff has asserted a cognizable equitable claim for unjust enrichment . . . plaintiff seeks an injunction now so that the constructive trust ultimately sought will have value.") (*citations omitted*); Allstate Ins. Co., 2004 U.S. Dist. LEXIS at *9 ("Plaintiffs have asserted a claim for unjust enrichment, which is a cognizable equitable claim. . . the requested asset freeze is a reasonable measure to preserve the

3

status quo, because it would further the Court's ability to grant a constructive trust over those assets at a later date.") (*citations omitted*).

    c.    **Plaintiffs Have a Reasonable Likelihood of Success on the Merits**

In order to prevail on a motion for a preliminary injunction, the moving party must show a reasonable likelihood of success on the merits. *See* Allstate Ins. Co., 2004 U.S. Dist. LEXIS at *7. To satisfy this prong of the test, a party need only establish a *prima facie* case, not a certainty that they will ultimately prevail at trial. Id., at 9 *citing* Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 173 (3d. Cir. 2001).

The elements of a claim for unjust enrichment are (1) plaintiff conferred benefits on defendant; (2) defendant realized those benefits; and (3) defendant accepted and retained those benefits under circumstances in which it would be inequitable for defendant to retain them without payment of value. *See* Bunnion v. CONRAIL, 108 F.Supp.2d 403, 427 (E.D.Pa. 1999). Pennsylvania also recognizes a claim for unjust enrichment where, as here, the defendant obtained a benefit as a result of a fraudulent act or scheme. *See* Jaraczewksi v. Equity Nat'l Title, 2024 U.S. Dist. LEXIS 147874 at *9-10 (W.D.Pa. 2024) *quoting* Whitaker v. Herr Foods, Inc., 198 F.Supp.3d 476, 492 (E.D.Pa. 2016).

Plaintiffs have clearly stated a *prima facie* claim for unjust enrichment against Northeastern that is reasonably likely to succeed on the merits. First, Plaintiffs Raj and Heena contend that they conferred benefits on Defendants in the form of a nearly $640,000 investment in Five Star, the first $300,000 of which were given directly to Northeastern and Defendant Syed in reliance on Defendants' fraudulent misrepresentations, and the remainder of which has been dissipated, transferred, and utilized by and for the benefit of Defendants Syed, Shelly, and Northeastern. Defendants Syed, Shelly, and Northeastern have also wrongfully obtained benefits

4

from Plaintiff Five Star by (1) transferring $1,006,000 from Five Star to Northeastern, (2) transferring inventory from Five Star to Northeastern without consideration, (3) funneling Five Star's purchases through Northeastern in order to claim for Northeastern the manufacturer discounts, rebates, and limited-edition merchandise that should have gone to Five Star, and (4) shipping certain Northeastern merchandise to the Five Star warehouse in Pennsylvania to avoid paying Connecticut excise tax. Since Defendants obtained each of these benefits as a result of the fraudulent scheme detailed in the Complaint, Plaintiffs have clearly stated a *prima facie* case for unjust enrichment and it would be inequitable for Defendant to retain these benefits without payment of value. See Jrna, Inc., 2007 U.S. Dist. LEXIS at *9 ("when a party acts wrongfully or fraudulently to acquire property . . . a claim for unjust enrichment will lie.") *citing* F.T. Int'l. Ltd. v. Mason, 2000 U.S. Dist. LEXIS 14979 at *5 (E.D.Pa. 2000).

        **d.**        **Plaintiffs Will Suffer Irreparable Harm if an Injunction is not Issued**

Next, Plaintiffs must demonstrate that they will suffer irreparable harm in the absence of injunctive relief. In the context of a preliminary injunction, "irreparable harm" is typically defined as an injury that cannot be compensated by monetary damages alone. See Feldman & Pinto, P.C. v. Seithel, 2011 U.S. Dist. LEXIS 147655 at *41-21 (E.D.Pa. 2011) *citing* Acierno v. New Castle County, 40 F.3d 645, 653 (3d. Cir. 1994). A defendant's potential dissipation of assets, and the resultant probability of an unsatisfied money judgment constitute a form of irreparable harm. See Jrna, Inc., 2007 U.S. Dist. LEXIS at *10-11; *see also* Allstate Ins. Co., 2004 U.S. Dist. LEXIS at *12-13.

The allegations in this case raise the specter of irreparable harm as a result of dissipated funds and disappearance of documents, information, and merchandise necessary to calculate the damages incurred by Plaintiffs and the benefits wrongfully obtained by Defendants. A significant

component of Defendants' fraudulent scheme is their total control over the accounts, warehouses, and books and records of Five Star and Northeastern. This exclusive access to information has enabled Defendants to ship merchandise and transfer monies from Five Star to Northeastern without making a record of what was shipped and whether any consideration was exchanged. While the fraudulent scheme and the scope of Defendants' unjust enrichment encompasses damages beyond the $300,000 that Plaintiffs provided directly to Northeastern and the $1,006,000 that Defendants transferred from Five Star to Northeastern, those particular funds are readily identifiable as the fruits of a fraudulent scheme. Due to the nature of the fraud alleged, there is a strong likelihood that Defendants will dissipate and move assets in such a way that their ill-begotten gains can never be reliably calculated or traced.[2]

      e.    **Plaintiffs Have Justified a Prejudgment Freeze of Defendants' Assets and the Creation of a Constructive Trust**

Through this Motion, Plaintiffs seek to freeze the assets of Defendants that constitute the fruits of their fraudulent scheme. In order to obtain an asset freeze as preliminary injunctive relief, the movant must also demonstrate (1) the assertion of a cognizable equitable claim, (2) a sufficient nexus between that equitable claim and specific assets of the defendant which are the target of the injunctive relief, and (3) that the requested interim relief is a reasonable measure to preserve the status quo in aid of the ultimate equitable relief claimed. Allstate Ins. Co., 2004 U.S. Dist. LEXIS at *7-8. As is set forth above, Plaintiffs have asserted a cognizable equitable claim.

The injunctive relief sought by Plaintiffs is precisely tailored to preserve the status quo in support of the equitable relief to which they will ultimately be entitled. The funds that Plaintiffs

---

[2] Plaintiffs have filed this Motion contemporaneously to the filing of the Complaint due to concern that the initiation of litigation would result in Defendants immediately disposing of funds and assets necessary to calculate the scope and ultimately pay Plaintiffs' damages.

ask the Court to freeze and hold in constructive trust are the $300,000 that Plaintiffs gave directly to Northeastern and Syed and the $1,006,000 that Defendants moved from Five Star to Northeastern. These amounts are both clear components of Plaintiffs' *prima facie* claim for unjust enrichment and the fruits of Defendants' fraudulent scheme. These funds were supposed to be used for the benefit of Five Star but have instead been misappropriated for the benefit of Northeastern.[3] A preliminary injunction that prevents Defendants from moving or dissipating those funds is necessary to ensure that the status quo is preserved while Plaintiffs' claims are pending. In other words, "plaintiff seeks an injunction now so that the constructive trust ultimately sought will have value." See Jrna, Inc., 2007 U.S. Dist. LEXIS at *8.

      **f.      The Public Interest is Best Served by Granting Injunctive Relief**

In ruling on a request for a preliminary injunction, the Courts also consider, to the extent relevant, whether injunctive relief is in the public interest and whether granting the injunction will result in greater harm to the non-moving party. Id., *citing* Allstate Ins. Co. v. Davidson Medical Group, 2004 U.S. Dist. LEXIS 20987 at *7 (E.D.Pa. 2004). The first of these factors, whether the injunction serves the public interest, is relevant to this case, as Defendants have engaged in a scheme not only to defraud Plaintiffs but to avoid regulatory oversight and payment of the Connecticut excise tax. Injunctive relief is necessary for Plaintiffs to protect their investment from dissipation and to enable them to recover their losses. The State of Connecticut and the taxpayers will likewise be protected by preliminary injunctive relief. If Defendants are permitted to continue commingling funds and using this money to purchase and ship highly

---

[3] Part of Defendants' scheme involves purchasing inventory for Five Star in the name of Northeastern. By doing so, they caused Northeastern to receive the discounts, rebates, and limited-edition merchandise that manufacturers make available to wholesale purchasers and that should have gone to Five Star.

regulated tobacco products without recording the transactions, tax losses will continue to accrue. Thus, the public interest lies in the granting of injunctive relief.

IV. **CONCLUSION**

For the foregoing reasons, Plaintiffs' request for preliminary injunctive relief should be granted.

Respectfully submitted,

/s/ Jack Meyerson
Jack Meyerson, Esq.
Matthew Miller, Esq.
MEYERSON & MILLER
1600 Market Street, Suite 1305
Philadelphia, PA 19103
(215) 972-1376

441702