UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

RAJ KATARIA, et al.,

        *Plaintiffs*,

v.                                                          :   Civil Case No.: 2:25-cv-01137 KNS

SYED IMRAN BOKHARI, et al.,

        *Defendants*.

### ORDER APPOINTING TEMPORARY RECEIVER

AND NOW, this 22nd day of July, 2025, upon consideration of the Motion of Plaintiffs Raj Kataria ("Raj"), Heena Bhanushali ("Heena"), and Five Star Corporation ("Five Star" or in conjunction with Raj and Heena, the "Plaintiffs") for Preliminary Injunctive Relief (ECF No. 4) and Plaintiffs' Request for Additional or Alternative Relief in the form of an Order Appointing a Receiver or Custodian (ECF No. 22) and upon the consent of the Plaintiffs and the Defendants, Syed Imran Bokhari, Shalinder Nichani, Amir Waqar Ahmed, Mohammad Illahi and Northeastern Wholesale Enterprises, LLC ("Northeastern" or together with the other Defendants, the "Defendants" and when referred to along with the Plaintiffs, the "Parties"), it is hereby **ORDERED** as follows:

    1.    Plaintiffs' Motion (ECF No. 22) is **GRANTED** as set forth herein.

    2.    Edmond M. George is hereby appointed as temporary receiver (the "Receiver") to oversee and investigate the operations of Five Star and to oversee a valuation of Five Star effective as of the entry of this Order on the Docket (the "Effective Date") subject to the terms and conditions set forth in this Order.

3.      The Parties, and each of them, shall immediately grant the Receiver access to all bank accounts, credit card accounts and other financial institutions (the "Accounts") used in the operation of Five Star and/or Northeastern or where Five Star and/or Northeastern are listed as owner or authorized signor or user on the Account(s);

4.      The Receiver is authorized to immediately have, and the Parties and their representatives and agents are directed to immediately grant the Receiver unlimited access to and/or turn over to the Receiver, the books and records of Five Star and Northeastern including but not limited to the following:

    a.      All documents relating to all income, expenses, profits, purchases, deposits, and proceeds derived from the operation of Five Star or Northeastern on hand as of the Effective Date or collected thereafter;

    b.      to the extent any deposits are held in escrow, the location of the escrow account, any escrow agreements, and all correspondence and agreements concerning such escrowed funds;

    c.      all agreements of sale, purchase orders, prospective customer lists, customer files, payment records, sale records, deposit records and any and all correspondence with customers;

    d.      equipment leases, employment agreements, supply or service agreements, and other contracts affecting Five Star or Northeastern or items used in association with the operation of Five Star and/or Northeastern;

    e.      insurance certificates and policies and correspondence with agents and insurance companies regarding coverages for Five Star and/or Northeastern regardless of the type of policy and including policies covering the officers, directors, members, managers and/or executives of Five Star or Northeastern;

    f.      copies of all licenses and permits issued to Five Star and/or Northeastern, including without limitation, wholesale tobacco licenses, retail tobacco licenses, business licenses, building permits, governmental approvals, state health department licenses, licenses to conduct business, and such other permits, licenses and rights obtained from any governmental, quasi-governmental, or private personal entity whatsoever, and all licenses issued to Five Star and/or Northeastern shall remain on the property in which they operate;

g.  banking documents and statements for all funds, revenues, deposits and expenses administered for or concerning Five Star and/or Northeastern;

h.  bills and account statements for items or services acquired from vendors or suppliers over the last 24 months relating to the operation of Five Star and/or Northeastern;

i.  tax returns, tax audits, tax bills and all sales tax notices related to the operation of Five Star and Northeastern including but not limited to notices of "Floor Taxes" or refunds thereof;

j.  notices and correspondence regarding any violation of local, State or Federal law regarding the operation of Five Star, Northeastern or any inventory owned by either;

k.  all inventory and equipment lists;

l.  books and records pertaining to accounts payable and accounts receivable with respect to the operation of Five Star and/or Northeastern;

m.  all information provided to any accountant for Five Star and/or Northeastern in the twenty-four (24) months preceding the Effective Date;

n.  all documents relating to any legal actions between Five Star and/or Northeastern and any party arising out of the operation of Five Star and/or Northeastern;

o.  copies of all keys, security cards and access devices for the properties out of which Five Star and Northeastern operate or necessary to access documents in the properties;

p.  all passwords, usernames and other information needed to access any computer program, point of sale system or other software used in the operation of Five Star and/or Northeastern;

q.  all passwords, usernames and other information needed to access all bitcoin or crypto currency wallets or accounts, if any, used by Five Star and/or Northeastern;

r.  all records of any sale of assets or transfer of assets by Five Star and/or Northeastern in the past twenty-four (24) months that is outside the ordinary course of business or is not reported in the books and records of Five Star and/or Northeastern;

s.  all documents or information related to any claim of investment in Five Star; and

4919-3417-6597 v1

    t. all such other items, records or documents that the Receiver may reasonably require to investigate the operations of Five Star and/or Northeastern.

  5. The documents and data to be turned over or made available to the Receiver include all hard copies as well as permanent and removable media for the storage of images or data, including hard drives (fixed, external, and portable), DVDs, CD's flash drives, and memory sticks and cards.

  6. The Receiver is authorized to examine any of the Parties informally or formally, at the Receiver's sole discretion, in furtherance of his investigation and other duties pursuant to this Order and the Parties shall cooperate fully with the requests of the Receiver.

  7. As of the Effective Date, the Receiver shall be entitled to send a copy of this Order to and communicate with any current or former customer, potential customer, vendor, taxing authority, or other third-party in furtherance of his obligations under this Order.

  8. Defendants and their representatives, agents and any persons acting under their direction or control shall not remove, transfer, compromise, release, waive, forgive, or divert or in any way dispose of any money, revenue, property, inventory, profits and proceeds of Five Star in excess of one thousand five hundred dollars ($1,500) except as otherwise permitted by this Order, without prior written authority from the Receiver and each Monday during the Receiver's appointment, Five Star shall deliver a weekly budget to the Receiver detailing expenditures for the upcoming week and the Receiver shall use his best efforts to review and respond to the requested expenditures as soon as possible.

  9. The Receiver shall bill Five Star for his services at an hourly rate of four hundred dollars ($400) per hour and Five Star shall reimburse the Receiver on a monthly basis for all costs and fees expended in connection with his duties set forth in this Order, all without further order of this Court.

4919-3417-6597 v1

10. The Receiver is authorized to engage a law firm of his choosing, including but not limited to Obermayer Rebmann Maxwell & Hippel LLP, for legal representation in the performance of its duties, and Five Star shall pay those attorneys their standard hourly rates and costs on a monthly basis, all without further order of this Court.

11. The Receiver is authorized to engage an accounting firm of his choosing for accounting services the Receiver deems reasonably necessary to assist in the performance of the Receiver's duties, and Five Star shall pay those accountants their standard hourly fees and costs on a monthly basis, all without further order of this Court.

12. In furtherance of the Court's directive that the Receiver is appointed to, *inter alia*, oversee a valuation of Five Star, the Receiver is hereby authorized to hire a valuation expert of his choosing to perform a valuation of Five Star and Five Star shall pay the valuation expert its standard hourly fees and costs on a monthly basis, all without further order of this Court.

13. The Receiver shall issue an initial report on or within ninety (90) days after the Effective Date and a subsequent report every ninety (90) days thereafter until the appointment of the Receiver terminates as set forth herein.

14. The Receiver shall have the standing of a "party in interest" with respect to the matters that are within the scope of this appointment and shall be entitled to appear and be heard at any and all hearings in this matter and to both compel and initiate contempt proceedings to the extent the Parties and/or their representatives and agents do not comply with this Order.

15. The Receiver shall have the authority to issue subpoenas in connection with his duties under this Order including, but not limited to, to third-parties not involved in this matter.

16. The Receiver is authorized to discuss his investigation with either the Plaintiffs or the Defendants or with both Parties in his sole discretion.

17. The appointment of the Receiver shall terminate at the earlier of (A) the mutual written consent of the Parties, (B) the Receiver's resignation, or (C) further Order of this Court.

18. The Receiver and any Party hereto may, at any time, upon proper notice to the Parties, apply to this Court for further or other instructions and for further power necessary to enable him to properly fulfill its duties as Receiver.

19. The Parties are enjoined from obstructing or interfering with (A) the Receiver's full and unfettered access to the records (as broadly defined in this Order) of Five Star and/or Northeastern, or (B) the Receiver's efforts to complete his obligations set forth in this Order.

20. The Receiver shall serve in the capacity of a Court appointed receiver and is immune from claims, liabilities, or lawsuits, whether in contract or in tort, arising from the performance of duties authorized by this Order.

21. To the extent that any action or proceeding is brought by any of the Parties or a third-party in connection with the Receiver's performance of duties authorized by this Order, Five Star shall indemnify and hold harmless the Receiver, his professionals, their members, officers, directors and/or employees for any claim or cause of action commenced for any reason arising out of the Receiver's performance of duties authorized by this Order including the cost of the defense thereof. The indemnity provided for herein shall be broadly construed to include but shall not be limited to the reimbursement of all costs, professional fees and expenses including legal fees, when incurred by the Receiver, and all expert fees, court costs, and expenses. In addition, in the event that the Receiver or any of his professionals, their members, officers, directors and/or employees are sued by any third party as a consequence of the performance of any duties authorized by this Order, Five Star will immediately enter a defense on behalf of the Receiver and his professionals, their members, officers, directors and/or employees.

22. This Court shall conduct a telephonic status conference on **August 4, 2025 at 10:30 a.m.** to discuss the status of the Receiver's investigation and pending that status conference, all discovery in the underlying proceeding is hereby suspended until further direction from this Court.

23. The Court retains jurisdiction over this matter as necessary to enforce the powers of the Receiver and/or to compel a performance of and compliance with this Order. The Receiver is authorized, upon application to this Court, to seek further enforcement and relief as necessary.

STIPULATED AND AGREED TO BY:

MEYERSON & MILLER

/s/ Jack A. Meyerson

Jack A. Meyerson, Esquire
Matthew L. Miller, Esquire
1600 Market Street, Suite 1305
Philadelphia, PA 19103
215-972-1375
jmeyerson@meyersonlawfirm.com
mmiller@meyersonlawfirm.com
*Attorneys for Plaintiffs*

ROTHBERG, FEDERMAN & HOLLISTER

/s/ Michael T. Hollister

Michael T. Hollister, Esquire
Matthew Sherlock, Esquire
1303 Hulmeville Road, Suite 200
Bensalem, PA 19020
215-244-4787
mhollister@rfh.law
msherlock@rfh.law
*Attorneys for Defendants Syed Imran Bokhari, Shalinder Nichani and Northastern Wholesale Enterprises.*

KENNETH FERRIS, ATTORNEY AT LAW

/s/ Kenneth Ferris

Kenneth Ferris, Esquire
238 South State Street, First Floor
Newtown, PA 18946
215-310-0504
kferris@ferris-law.com
*Attorney for Defendants Amir Ahmed, Mohammad Alani and Five Star Corporation*

IT IS SO ORDERED:

BY THE COURT:

/s/ Kai N. Scott

HON. KAI N. SCOTT
United States ~~District~~ Judge

4919-3417-6597 v1