IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAJ KATARIA, *et al.*,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>SYED IMRAN BOKHARI, *et al.*,<br><br>　　　　Defendants. | Civil Case No. 25-01137 (KNS) |

## MEMORANDUM IN SUPPORT OF PROPOSED INTERVENOR ABDUL MALIK'S MOTION TO INTERVENE

Dated: December 12, 2025

BIELLI & KLAUDER, LLC

*/s/ Thomas D. Bielli*
Thomas D. Bielli (No. 202100)
1905 Spruce Street
Philadelphia, PA  19801
Phone: 215-642-8271
tbielli@bk-legal.com

*Counsel to Proposed Intervenor Abdul Malik*

# Table of Contents

I. Introduction ................................................................................................................... 1

II. Facts ............................................................................................................................. 1

III. Argument ..................................................................................................................... 2

   A. Proposed Intervenor Is Entitled to Intervene As a Matter of Right. ................................... 2
      i. The Motion to Intervene Is Timely. ............................................................................. 3
      ii. Proposed Intervenor Has Sufficient Interests in the Underlying Litigation. ................. 4
      iii. Disposition of this Case May Impair Proposed Intervenor's Interests. ........................ 5
      iv. Proposed Intervenor's Interests Are Not Adequately Represented. .............................. 5

   B. Alternatively, the Court Should Grant Permissive Intervention. ........................................ 6

IV. Conclusion ................................................................................................................... 7

**Table of Authorities**

**Cases**

*Am. Farm Bureau Fed'n v. U.S. E.P.A.*,
   278 F.R.D. 98 (M.D. Pa. 2011) .................................................................................................... 3

*Brody By & Through Sugzdinis v. Spang*,
   957 F.2d 1108 (3d Cir. 1992) ....................................................................................................... 5

*Cmty. Vocational Schs. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*,
   No. 09-cv-1572, 2017 WL 1376298 (W.D. Pa. Apr. 17, 2017) .................................................... 4

*Commonwealth of Pennsylvania v. President United States of America*,
   888 F.3d 52 (3d Cir. 2018) ........................................................................................................... 4

*Hoots v. Pennsylvania*,
   672 F.2d 1133 (3d Cir. 1982) .................................................................................................. 6, 7

*Hyland v. Harrison*,
   No. Civ.A. 05–162–JJF, 2006 WL 288247 (D. Del. Feb. 7, 2006) ............................................. 7

*In re Fine Paper Antitrust Litig.*,
   695 F.2d 494 (3d Cir. 1982) ........................................................................................................ 3

*Kitzmiller v. Dover Area Sch. Dist.*,
   229 F.R.D. 463 (M.D. Pa. 2005) ................................................................................................. 7

*Kleissler v. U.S. Forest Serv.*,
   157 F.3d 964 (3d Cir. 1998) ........................................................................................................ 4

*Koprowski v. Wistar Inst. of Anatomy & Biology*
   No. 92-cv-1132, 1993 WL 332061 (E.D. Pa. Aug. 19, 1993) ..................................................... 6

*Liberty Mut. Ins. Co. v. Treesdale, Inc.*,
   419 F.3d 216 (3d Cir. 2005) ........................................................................................................ 2

*Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*,
   72 F.3d 361 (3d Cir. 1995) ...................................................................................................... 3, 5

*Nat'l Collegiate Athletic Ass'n v. Corbett*,
   296 F.R.D. 342 (M.D. Pa. 2013) ................................................................................................. 4

*Page v. DTE Midstream, LLC*,
   No. 2:19cv-01345-DSC, 2020 WL 5519052 (W.D. Pa. July 10, 2020) ..................................... 7

*Trbovich v. United Mine Workers of Am.*,

    404 U.S. 528, (1972) .................................................................................................... 5

*United States v. Territory of V.I.*,
    748 F.3d 514 (3d Cir. 2014) ........................................................................................ 5

*W. Goshen Sewer Auth. v. U.S. E.P.A.*,
    No. 12-cv-5353, 2013 WL 3914481 (E.D. Pa. July 30, 2013) .................................. 3

*Wallach v. Eaton Corp.*,
    837 F.3d 356 (3d Cir. 2016) ........................................................................................ 3

**Rules**
Federal Rule of Civil Procedure 24(b) ......................................................................... 6, 7

Federal Rule of Civil Procedure 24(a) .................................................................. 2, 3, 5, 6

I. INTRODUCTION

Proposed Intervenor Abdul Malik ("Proposed Intervenor" or "Malik") seeks to intervene in this action to recover his investment in Five Star Cigar Corporation ("Five Star"). Malik was requested by one of the five owners of Five Star to invest in the company. As Malik understood it, he would invest several hundred thousand dollars in the company and in exchange would receive a 20% ownership interest in the company. He made his investment but did not receive any ownership interest. Malik seeks to intervene to file a Complaint in Intervention that alleges fraud. The proposed Complaint in Intervention is attached hereto as Exhibit A.

II. FACTS

On or about March 4, 2025, Raj Kataria ("Raj") and Heena Bhanushali ("Heena") filed a Complaint (ECF No. 1) against Syed Imran Bokhari ("Syed"), Shalinder Nichani ("Shelly"), Amir Waqar Ahmed ("Amir"), Mohammad Zaheer Illahi ("Mohammad"), and Northeastern Wholesale Enterprises, LLC ("Northeastern"), and named Five Star Cigar Corporation ("Five Star") as a nominal defendant, alleging individual harm and harm to Five Star.

On July 22, 2025, the Court entered the Order Appointing Temporary Receiver (ECF No. 51), appointing Edmond M. George as temporary receiver "to oversee and investigate the operations of Five Star and to oversee a valuation of Five Star…".

Malik incorporates by reference the allegations set forth in the Complaint, and incorporates by reference the findings of the Receiver as set forth in the Receiver's Initial Report (ECF No. 62), the Receiver's Supplemental Initial Report (ECF No. 70), and the Receiver's Second Report (ECF 89).

Five Star is owned equally by Raj, Syed, Shelly, Amir, and Mohammad, with each person owning twenty percent (20%) of the company. Syed constructively owns and operates Northeastern though he has no ownership interest on paper. In March 2025, Syed approached

Malik about investing in Five Star. At that time, the issues alleged in the Complaint filed by Raj and Heena were ongoing and their Complaint had been filed, but Syed did not disclose any of that to Malik and Malik had no independent knowledge of the problems surrounding Five Star.

Syed told Malik that Malik could purchase Raj's twenty percent ownership in Five Star. Malik was also offered a position to manage many of the day-to-day operations of Five Star, which Malik has been doing since March 2025. The parties signed an agreement to memorialize Malik's investment into Five Star, which was signed by Malik, Syed, Shelly, Amir, and Mohammad. The agreement was not signed by Raj.

Malik made his $427,000 investment in Five Star consisting of the following funds: $9,000 in product, $148,000 paid to Five Star, an initial $180,000 paid to Northeastern, plus another $90,000 paid to Northeastern. Malik made the payments of $180,000 plus $90,000 directly to Northeastern as Syed directed him to do.

Malik has not received any ownership interest in Five Star. On information and belief, Raj had no knowledge of the investment Syed solicited from Malik and no knowledge that Malik believed he was purchasing Raj's twenty percent interest in Five Star.

### III. ARGUMENT

#### A. Proposed Intervenor Is Entitled to Intervene As a Matter of Right.

A proposed intervenor is entitled to intervene as of right under Federal Rule of Civil Procedure 24(a)(2) upon establishing: "(1) a timely application for leave to intervene, (2) a sufficient interest in the underlying litigation, (3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and (4) that the existing parties to the action do not adequately represent [their] interests." *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (internal citation omitted). Malik satisfies each of these requirements, and the Court should grant intervention.

i. **The Motion to Intervene Is Timely.**

In determining whether a motion to intervene is timely, courts consider three factors: "(1) the stage of the proceeding; (2) the prejudice that delay may cause the parties; and (3) the reason for the delay." *Wallach v. Eaton Corp.*, 837 F.3d 356, 371 (3d Cir. 2016) (internal citation omitted). Ultimately, "[t]he timeliness of a motion to intervene is determined from all the circumstances" and is in the court's "sound discretion." *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 500 (3d Cir. 1982) (internal citation omitted). Federal courts have identified three factors relevant to its assessment of timeliness – the stage of the proceeding, the potential prejudice to the parties resulting from delay, and the reason for any delay – but the principal inquiry remains whether extensive substantive proceedings on the merits have occurred. *See Am. Farm Bureau Fed'n v. U.S. E.P.A.*, 278 F.R.D. 98, 104 (M.D. Pa. 2011) (quoting *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 370 (3d Cir. 1995) (explaining that the stage of the proceedings is the overriding consideration because it is "inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved")). Furthermore, when considering a motion to intervene of right, courts should be reluctant to dismiss the request as untimely, since "the would-be intervenor may be seriously harmed if he is not permitted to intervene." *Mountain Top*, 72 F.3d at 324.

This matter is at an early stage, as there have been no dispositive motions filed and no discovery conducted. While the Receiver has been actively conducting his investigation and providing reports to the Court and the parties, the parties have not been litigating the Complaint.

Under such circumstances, intervention is timely, does not impede the advancement of the action, and does not otherwise prejudice the parties under Rule 24. *See, e.g., W. Goshen Sewer Auth. v. U.S. E.P.A.*, No. 12-cv-5353, 2013 WL 3914481, at *3 (E.D. Pa. July 30, 2013) (Restrepo, J.); *Cmty. Vocational Schs. of Pittsburgh, Inc. v. Mildon Bus Lines, Inc.*, No. 09-cv-

3

1572, 2017 WL 1376298, at *5 (W.D. Pa. Apr. 17, 2017) (motion to intervene timely where "discovery is not yet closed"). Discovery has not commenced and dispositive motions have not yet been filed. *See Nat'l Collegiate Athletic Ass'n v. Corbett*, 296 F.R.D. 342, 347 (M.D. Pa. 2013) ("Generally, an applicant's intervention will not prejudice the current parties where discovery has yet to commence and dispositive motions have yet to be filed."). Accordingly, given the procedural posture of this case, intervention is timely.

    ii.  **Proposed Intervenor Has Sufficient Interests in the Underlying Litigation.**

To justify intervention as of right, an intervenor must demonstrate that its interest is "significantly protectable." *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (internal citation omitted). That is, an intervenor must demonstrate his interest is "specific to [him], is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Id*. at 972. "[T]he polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Id*. Proposed intervenors must have a specific interest that "will be directly affected in a substantive concrete fashion by the relief sought." *Commonwealth of Pennsylvania v. President United States of America*, 888 F.3d 52, 58 (3d Cir. 2018).

Malik has a significantly protectable interest in this action. He made a substantial investment in Five Star with the expectation that he would receive an ownership interest in the company. Instead, he did not receive any ownership interest and a substantial portion of his investment was sent to Northeastern. Findings by the Receiver and any rulings by the Court have the likelihood of involving a determination of Malik's role in the company and the treatment of his investment.

### iii. Disposition of this Case May Impair Proposed Intervenor's Interests.

"In order to meet the requirements of Rule 24(a)(2), proposed intervenors must also demonstrate that their interest *might* become affected or impaired, as a practical matter, by the disposition of the action in their absence." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995) (internal citation omitted) (emphasis in original). "It is not sufficient that the claim be incidentally affected; rather, there must be a tangible threat to the applicant's legal interest." *Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992) (internal citation omitted). The inquiry focuses on the practical effects of the litigation, and the court "may consider any significant legal effect on the applicant's interest." *Id*. at 1122 (internal citation omitted).

In this case, any findings by the Receiver and rulings by the Court may implicate Malik's investment in Five Star. If so, collateral estoppel and/or *res judicata* may bar Malik from protecting his interests. Accordingly, intervention in this case will allow him to protect his interests.

### iv. Proposed Intervenor's Interests Are Not Adequately Represented.

Proposed intervenor has a "minimal" burden of demonstrating that existing parties in the litigation do not adequately represent his interests. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). It is sufficient to show that "representation of [the] interest may be inadequate." *Id*. (emphasis added) (internal quotation marks omitted). A proposed intervenor need show only that "although [his] interests are similar to those of a party, they diverge sufficiently that the existing party cannot devote [him] proper attention." *United States v. Territory of V.I.*, 748 F.3d 514, 520 (3d Cir. 2014) (internal quotation marks omitted). The existing parties do not adequately represent Proposed Intervenor's interest. *See Mountain Top*, 72 F.3d at 368

5

(explaining that this burden to show a divergence of interests is minimal; the applicant must show only that the representation of his interest "may be inadequate").

Here, the current parties to the action do not protect or represent Malik's interests. Malik believed he was purchasing Raj's interest in the Five Star; accordingly, Plaintiff's interest appears adverse to Malik's interest. And, Malik has a fraud claim against one or more Defendants for inducing him to make an investment in Five Star when Defendants had no plan to actually transfer an interest in Five Star to him. All parties to the action have interests adverse to Malik and will not protect his interest.

### B.     Alternatively, the Court Should Grant Permissive Intervention.

Even if the Court determines that Proposed Intervenor is not entitled to intervene as a matter of right, the Court should exercise its broad discretion to grant permissive intervention. Rule 24(b)(1)(B) provides that, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Even where the district court denies intervention as of right, permissive intervention might be proper or warranted, as it would be here. *See Hoots v. Pennsylvania*, 672 F.2d 1133, 1136 (3d Cir. 1982). "The permissive intervention rule is to be construed liberally with all doubts resolved in favor of permitting intervention." *Koprowski v. Wistar Inst. of Anatomy & Biology*, No. 92-cv-1132, 1993 WL 332061, at *2 (E.D. Pa. Aug. 19, 1993) (internal citation omitted).

Malik seeks to assert his fraud claim related to his investment in Five Star. Malik satisfies the common-questions element of Rule 24(b) because the central argument is over investments

and the management of Five Star. Malik's involvement in the case will no delay or prejudice any of the other parties.

In exercising discretion as to permissive intervention, courts consider "whether the proposed intervenors will add anything to the litigation." *Kitzmiller v. Dover Area Sch. Dist.*, 229 F.R.D. 463, 471 (M.D. Pa. 2005); *accord Hoots*, 672 F.2d at 1136 (examining an intervenor's "contributions to the proceedings."). Here that benefit is present: Malik's claims and the related discovery and investigation will help flesh out the details of the company's finances, cash flow, and Defendants' conduct in operating Five Star. There is the additional potential that discovery regarding Malik's claim will bolster Plaintiffs' claims in the case.

Because Malik satisfies the baseline commonality requirement of Rule 24(b)(1)(B) and his intervention would not delay or prejudice the adjudication of the original parties' rights, the Court should permit intervention. *See Page v. DTE Midstream, LLC*, No. 2:19cv-01345-DSC, 2020 WL 5519052, at *6 (W.D. Pa. July 10, 2020), *report and recommendation adopted*, No. 2:19CV1345, 2020 WL 5513573 (W.D. Pa. Sept. 14, 2020) (granting permissive intervention where intervenor raised common questions of law and fact); *Hyland v. Harrison*, No. Civ.A. 05–162–JJF, 2006 WL 288247, at *6 (D. Del. Feb. 7, 2006) (permissive intervention appropriate where applicant's motion "based on the same facts and circumstances as this case, seeks substantially the same relief, and raises similar legal issues").

## IV. CONCLUSION

For the foregoing reasons, the Court should grant Abdul Malik's Motion to Intervene to allow him to participate as a plaintiff in this action.

| | |
|---|---|
| Dated: December 12, 2025 | **BIELLI & KLAUDER, LLC**<br><br>*/s/ Thomas D. Bielli*<br>Thomas D. Bielli (No. 202100)<br>1905 Spruce Street<br>Philadelphia, PA  19801<br>Phone: 215-642-8271<br>tbielli@bk-legal.com<br><br>*Counsel to Proposed Intervenor Abdul Malik* |

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Abdul Malik,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SYED IMRAN BOKHARI, SHALINDER NICHANI, AMIR WAQAR AHMED, MOHAMMAD ILLAHI, and NORTHEASTERN WHOLESALE ENTERPRISES, LLC,<br><br>　　　　　　Defendants,<br><br>　and<br><br>FIVE STAR CIGAR CORPORATION,<br><br>　　　　　　Nominal Defendant. | Civil Case No. 25-01137 (KNS) |

**[PROPOSED] COMPLAINT IN INTERVENTION**

Intervenor Plaintiff Abdul Malik ("Malik") hereby files his Complaint in Intervention against Defendants Syed Imran Bokhari, Shalinder Nichani, Amir Waqar Ahmed, Mohammad Illahi, and Northeastern Wholesale Enterprises, LLC, and Nominal Defendant Five Star Cigar Corporation, and alleges the following:

**NATURE OF ACTION**

1. Malik was requested by one of the five owners of Five Star Cigar Corporation to invest in the company. As Malik understood it, he would invest several hundred thousand dollars into the company and in exchange would receive a twenty percent (20%) ownership interest in the company. He made his investment but did not receive any ownership interest. Malik alleges fraud against defendants related to his investment in the company.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants operate a company within this judicial district and because the events giving rise to these claims occurred within this judicial district.

## PARTIES

4. On information and belief, Defendant Syed Imran Bokhari ("Syed") is an adult citizen of the State of Connecticut residing at 314 Old Farms West, Middletown, CT 06457.

5. On information and belief, Defendant Shalinder Nichani ("Shelly") is an adult citizen of the State of Connecticut residing at 25 Windabout Drive, Greenwich, CT 06831.

6. On information and belief, Defendant Amir Waqar Ahmed ("Amir") is an adult citizen of the State of Maryland residing at 5424 Wecker Way, Elkridge, MD 21075.

7. On information and belief, Defendant Mohammad Zaheer Illahi ("Mohammad") is an adult citizen of the State of Maryland residing at 3111 Stiles Way, West Friendship, MD 21794.

8. On information and belief, Defendant Northeastern Wholesale Enterprises, LLC ("Northeastern") is a Connecticut limited liability company with its principal address located at 222 Universal Drive Unit #5, North Haven, CT 06473.

9. On information and belief, Nominal Defendant Five Star Cigar Corporation ("Five Star") is a corporation organized under the laws of the Commonwealth of Pennsylvania on or about June 25, 2024, with a principal address of 7950 State Road, Philadelphia, PA 19136.

10. On information and belief, Raj Kataria ("Raj") is an adult citizen of the State of New York residing at 8 East Valley Stream Blvd., Valley Stream, NY 11580. Raj is not a party to Malik's Complaint in Intervention.

11. On information and belief, Heena Bhanushali ("Heena") is an adult citizen of the State of New Jersey residing at 260 Westervelt Lane, Mahwah, NJ 07430. Heena is not a party to Malik's Complaint in Intervention.

**FACTS**

12. On or about March 4, 2025, Raj and Heena filed a Complaint (Case No. 2:25-cv-01137-KNS, ECF No. 1) against Syed, Shelly, Amir, Mohammad, and Northeastern, and named Five Star as a nominal defendant, alleging individual harm and harm to Five Star. Malik incorporates by reference the allegations set forth in the Complaint.

13. Five Star is owned equally by Raj, Syed, Shelly, Amir, and Mohammad, with each person owning twenty percent (20%) of the company.

14. Syed constructively owns and operates Northeastern though he has no ownership interest on paper.

15. In March 2025 Syed approached Malik about investing in Five Star.

16. At that time, the issues alleged in the Complaint filed by Raj and Heena were ongoing and their Complaint had been filed, but Syed did not disclose any of that to Malik and Malik had no independent knowledge of the problems surrounding Five Star.

17. Syed told Malik that Malik could purchase Raj's twenty percent ownership in Five Star.

18. Malik was also offered a position to manage many of the day-to-day operations of Five Star, which Malik has been doing since March 2025.

19. The parties signed an agreement to memorialize Malik's investment into Five Star, which was signed by Malik, Syed, Shelly, Amir, and Mohammad. The agreement was not signed by Raj.

20. Malik made his $427,000 investment in Five Star consisting of the following funds: $9,000 in product, $148,000 paid to Five Star, an initial $180,000 paid to Northeastern, plus another $90,000 paid to Northeastern.

21. Malik made the payments of $180,000 plus $90,000 directly to Northeastern as Syed directed him to do.

22. Malik has not received any ownership interest in Five Star.

23. On information and belief, Raj had no knowledge of the investment Syed solicited from Malik and no knowledge that Malik believed he was purchasing Raj's twenty percent interest in Five Star.

## COUNT I
## FRAUD

24. Malik incorporates the foregoing paragraphs as if set forth at length herein.

25. Syed made a representation to Malik that Malik could obtain a twenty percent (20%) ownership interest in Five Star by making an investment into the company.

26. Syed, along with Shelly, Amir, and Mohammad, had Malik sign an agreement memorializing his understanding that he would make an investment into Five Star and, in return, would receive a twenty percent (20%) ownership interest.

27. Syed's representation to Malik about the ownership interest, substantiated by Shelly, Amir, and Mohammad signing a written agreement, was material to Malik's decision to make his investment in the company.

28. Defendants knew that Malik would not receive an ownership interest in Five Star despite making his investment.

29. Defendants knew their representations to Malik were false when making them.

30. Defendants knew that Raj was not selling his ownership interest in Five Star.

31. Defendants knew that Five Star was not selling additional ownership interests to new investors.

32. Syed, along with Shelly, Amir, and Mohammad, intended that Malik would rely on their knowingly false representations in deciding to make his investment into Five Star.

33. Malik relied on the representations by Syed, Shelly, Amir, and Mohammad in deciding to invest in Five Star.

34. Malik's reliance on the representations by Syed, Shelly, Amir, and Mohammad was reasonable as they are the majority owners of Five Star.

35. Malik was damaged by the false representations by Syed, Shelly, Amir, and Mohammad because Malik made his investment into Five Star but did not receive his promised ownership interest.

36. Malik has been damaged by at least the amount of money he invested in Five Star.

37. Northeastern has benefited from Malik's investment because, as instructed by Syed, Malik made two payments, of $180,000 plus $90,000, directly to Northeastern.

WHEREFORE, Abdul Malik, respectfully requests that the Court enter judgment in his favor and against Defendants, ordering that: Defendants have defrauded Abdul Malik and are liable for all amounts Malik transferred to Five Star and Northeastern and awarding punitive damages, attorneys' fees and costs, interest, and any other relief as may be deemed appropriate by this Court.

## COUNT II
## UNJUST ENRICHMENT

38. Malik incorporates the foregoing paragraphs as if set forth at length herein.

39. Malik made two payments to Northeastern ($180,000 and $90,000) because he believed those payments were treated as an investment into Five Star for which he would receive an ownership interest in Five Star.

40. Malik never obtained an ownership interest in Five Star.

41. Northeastern benefited from the payments it received from Malik.

42. Malik has received no benefit in exchange for the payments he made directly to Northeastern.

43. It would be unjust to allow Northeastern to retain the funds it received from Malik.

WHEREFORE, Abdul Malik, respectfully requests that the Court enter judgment in his favor and against Defendant Northeastern, ordering that: Northeastern owes Malik no less than $270,000 plus attorneys' fees and costs, interest, and any other relief as may be deemed appropriate by this Court.


Dated: December [ ], 2025             **BIELLI & KLAUDER, LLC**

                                      */s/ Thomas D. Bielli*
                                      Thomas D. Bielli (No. 202100)
                                      1905 Spruce Street
                                      Philadelphia, PA  19801
                                      Phone: 215-642-8271
                                      tbielli@bk-legal.com

                                      *Counsel to Abdul Malik*